IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK PATE, et al.,
    Plaintiffs,

vs.                                                Case No.: 3:20cv5091/MCR/EMT

WARDEN JOSEPH,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

      Six inmates of the federal Bureau of Prisons ("BOP") have jointly filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1). They are currently housed at the Federal Prison Camp in Pensacola, Florida ("FPC-Pensacola") (*see id.*). Plaintiffs seek temporary, six-month emergency furloughs due to the COVID-19 pandemic (*id.*). They complain that the conditions of their confinement place them at substantial risk of contracting the COVID-19 virus, specifically, the BOP's housing ten inmates in spaces designed for six inmates, and the BOP's transporting groups of inmates to offsite work assignments where they interact with members of the public (*id.* at 1–2).

      Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004).

The fundamental purpose of a habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed.2 d 439 (1973).  For example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim.  *See Edwards v. Balisok*, 520 U.S. 641, 645–46, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997); *Heck v. Humphrey*. 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  In contrast, when a prisoner claims that he is being subjected to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action.  *See Muhammad*, 540 U.S. at 750 (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004) (claims challenging the conditions of confinement "fall outside of th[e] core [of habeas corpus]" and may be brought in a civil rights action); s*ee also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("The line of demarcation between a § 1983 civil rights action and a § 2254 habeas

claim is based on the effect of the claim on the inmate's conviction and/or sentence.").

Here, Plaintiffs do not challenge the fact of their confinement in the BOP; rather, they challenge the conditions of their confinement at FPC-Pensacola, claiming that the conditions place them at substantial risk of contracting the COVID-19 virus, and they seek relief from those conditions in the form of six-month furloughs followed by return to a BOP facility. Their claims properly lie in a civil rights action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not a habeas corpus action. *See Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (holding that habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration)[1]; *see also Palma-Salazar v. Davis*, 677 F.3d 1031, 1035–36 (10th Cir. 2012) (holding that inmate's claim seeking transfer from one BOP detention facility to another is properly construed as a challenge to the conditions of his confinement and must be brought pursuant to *Bivens*)[2]; *Glaus*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

[2] Although in *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003), the Eleventh Circuit held that it is proper for a district court to treat a prisoner's petition for release from allegedly invalid administrative or disciplinary confinement as a petition for a writ of habeas

Page 4 of 6

*v. Anderson*, 408 F.3d 382, 386–88 (7th Cir. 2005) (holding that a prisoner's request to be transferred to a prison facility that could give him proper medical treatment for Hepatitis C was inappropriate under a habeas petition because it was a conditions-of-confinement claim). Therefore, Plaintiffs' initial pleading is properly construed as a civil rights complaint under 28 U.S.C. § 1331.[3]  *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (holding that federal courts have "an obligation to look behind the label of a [pleading] filed by a pro se inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework.") (internal quotation marks and citation omitted).

Having determined that this case is in the nature of a civil rights action, the court turns to whether Plaintiffs may pursue this action jointly. Plaintiffs request that the court waive the filing fee in this case (*see* ECF No. 1 at 2; ECF No. 3). The Eleventh Circuit has held that inmates may not join together in a single civil suit so as to share the mandatory filing fee. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001). The *Hubbard* court found that "the intent of Congress in promulgating

---

corpus, the Eleventh Circuit has never extended *Medberry* to a prisoner's request to change the location of his valid confinement, which is essentially what Plaintiffs request here.

[3] The clerk of court is thus directed to change the Nature of Suit ("NOS") code from 530 to 555 and change the "Cause" code from 28:2241 Petition for Writ of Habeas Corpus (federal) to 28:1331 Federal Question.

Case No.: 3:20cv5091/MCR/EMT

the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." *Id.* at 1195. The circuit court affirmed the district court's decision to dismiss (without prejudice) the case filed by multiple prisoner-plaintiffs and to require each prisoner to file an individual action accompanied by the full filing fee or an application to proceed in forma pauperis. *Id.* at 1195, 1198. The holding of *Hubbard* applies even when prisoner-plaintiffs claim that their lawsuit has merit and is brought under exigent circumstances. *See Bowens v. Turner Guilford Knight Detention*, 510 F. App'x 863 (11th Cir. 2013) (unpublished but recognized as persuasive authority) (affirming district court's dismissal, under *Hubbard*, of civil rights complaint in which six inmates of a jail in Miami, Florida, joined their claims together in a single suit).

On the basis of *Hubbard*, the undersigned concludes that Plaintiffs may not proceed jointly in this civil rights action.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this case be **DISMISSED WITHOUT PREJUDICE** to each Plaintiff's filing a new individual complaint on his own behalf, and either paying the full $400.00 fee ($350.00 filing fee and $50.00 administrative fee) or submitting an individual application to proceed in forma pauperis.

2.      That the clerk of court be directed to close the case.

At Pensacola, Florida, this 1ˢᵗ day of April 2020.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**